### CARR *vs.* STATE.

ASSAULT WITH INTENT TO MURDER, FROM HANCOCK.   Jury and Jurors   Criminal Law. Practice in Superior Court.   Evidence.   *Res gestae.*   (Before Judge Lumpkin.)   ·

Hall, J.—1.   Under the act of 1878 (p. 34), the clerk of the supe-rior court and ordinary were members of the board of jury commis-sioners, and therefore, were required to certify the lists of grand and traverse jurors ; but upon the passage of the act of 1879, (p. 29) they ceased to be so, and the clerk of the superior court is made the clerk of the board of jury commissioners, and is required to perform all the cler-ical duties required by law to be performed.   Thus he becomes the min-isterial officer of the board, and is not required to sign the certificate of the names in the respective jury boxes, but merely to transcribe them into the book required and deposit it in his office ; and a list, certified by the jury commissioners is sufficient.

2.   Where, on the trial of a defendant charged with assault with intent to murder, one of the jurors was put upon the defendant by the

state, and after defendant's counsel had occupied a minute and a half in consultation, the court ordered the juror to be sworn, and no objection or protest thereto was made by the defendant or his counsel nor further time asked, this furnished no ground for a new trial, although the defendant's counsel had not consumed on an average, one minute in passing on each juror.

(a) Whether the 41st common law rule (Code, p. 1351), providing that, in striking juries, not more than one minute shall be allowed to either party for each s rike, applies to felonies, where juries are not selected by what is commonly understood by the term striking, but more formally and deliberately by putting each juror upon his *voire dire* to test his competency, and if found competent, allowing the state to challenge him peremptorily or accept him and put him upon the prisoner, who, in turn, may challenge or accept him. Quere?

(b) In such a case reasonable time should be given to the defendant to make his choice, but after the lapse of such time as the judge may consider reasonable, the presiding judge should act in the matter; and if more time is desired, he should be notified of the fact and asked for indulgence. He is not bound by any unbending rule, but even after ordering the juror to be sworn, he might revoke his order and allow the defendant to object or make such other disposition of the juror as would be proper under the law, upon application for that purpose.

(c) Discretion in regulating and controlling the business of the court is necessarily confided to the judge, and this court should never interfere with its exercise unless it is made to appear that wrong or oppression has resulted from its abuse.

3. What a disinterested by-stander, who witnesses the conflict going on between the defendant and the party assailed, may say during the heat of the engagement, is not evidence, especially when the declaration amounts to nothing more than the declarant's opinion as to the defendant's motive or purpose for engaging in and prosecuting the fight. Such a declaration is no part of the *res gestæ*, and such statements of impressions could not generally be testified to even by a witness, at least without stating the facts on which such impressions were founded.

4. No other exceptions were insisted on in this court.

Judgment affirmed.

C. W. DuBose ; Jordan & Lewis, for plaintiff in error.

W. M. Howard, solicitor general, by brief, for the state.